UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GERALD DOWELL, JR.**                                                      CIVIL ACTION

**VERSUS**                                                                         NO: 06-0814

**MARLIN N. GUSMAN**                                                    SECTION: "F" (4)
**JOHN LECOUR**


## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.     Factual Background

The plaintiff, Gerald Dowell ("Dowell"), is incarcerated in Allen Correctional Center in Kinder, Louisiana. Dowell filed this *pro se* and *in forma pauperis* complaint against Orleans Parish Criminal Sheriff Marlin Gusman and Warden John LeCour seeking monetary damages for allegedly receiving inadequate medical care during his confinement in the Orleans Parish Prison ("OPP").

Dowell alleges that an OPP inmate, John Scott, died from tuberculosis on February 18, 2005. He claims that after that death, prison officials were required to quarantine all inmates and employees but did not do so. Thereafter, two other inmates died of tuberculosis.

He indicates that he does not believe that Scott or the other two inmates received adequate medical care. Nevertheless, he alleges that after Scott's death, all inmates and employees were tested for tuberculosis and he tested positive for exposure to the disease. He claims, however, that it took three weeks before he received medication.

Dowell also claims that he did not have tuberculosis before he entered OPP for his most recent two year stay. He indicates that his medical records will show that his prior tests at OPP will reflect that his tests were negative.

Generally, Dowell also claims that he has on occasion filed complaints about his health and did not receive attention from the medical staff. Dowell seeks monetary damages including payment of future medical expenses.

## II.  Standards of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.   Supervisory Liability

Dowell filed suit against Sheriff Gusman and Warden LeCour seeking damages for the prison official's alleged deliberate indifference to his serious medical needs related to tuberculosis exposure and delayed medical care. He does not allege that either defendant knew of his medical condition or were involved in any way in his medical care. Thus, under the broad reading afforded to a *pro se* complaints, the Court construes Dowell's complaint as naming Sheriff Gusman and Warden LeCour as defendants because of their supervisory role over the Orleans Parish Prison and, implicitly, the medical unit.

However, a supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his

constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Dowell has not alleged that Sheriff Gusman or Warden LeCour were personally involved in the acts about which he complains. He also failed to allege that Sheriff Gusman or Warden LeCour were personally involved in his medical care. An official is deliberately indifferent to an inmate's medical needs or safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Dowell has not alleged that Sheriff Gusman or Warden LeCour were, in any way, personally aware of his medical condition, treatment, or any risk to his personal safety.

For the foregoing reasons, the claims against Sheriff Gusman and Warden LeCour in their supervisory capacity over OPP are therefore frivolous and otherwise fail to state a claim for which relief can be granted.

## IV.   Recommendation

It is **RECOMMENDED** that Dowell's § 1983 claims against Sheriff Gusman and Warden LeCour be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. §1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_\_28th\_\_\_ day of _____April_____, 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**